# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMUNITY INSURANCE SERVICES, LTD., ) ) ) Plaintiff, ) ) v. ) ) UNITED LIFE INSURANCE COMPANY, ) FIRST FINANCIAL CORPORATION, ) JACQUE S. PENTELL, ) ) Defendants. ) | Case No. 05-cv-4105-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on defendant United Life Insurance Company's (United Life) motion to dismiss for want of jurisdiction (Doc. 31), to which the plaintiff has responded (Doc. 35). For the following reasons, the Court will deny the motion without prejudice.

## BACKGROUND

Community Insurance Services, Ltd. (Community) filed a nine-count complaint against defendants on May 31, 2005. Community's jurisdictional statement made reference to 28 U.S.C. §§ 1331, 1332 & 1367. The Court dismissed Community's RICO claim – the Count giving the Court jurisdiction pursuant to § 1331 – on March 24, 2006. The claims remaining in this action arise under state law and include civil conspiracy, breach of contract and fraud, among others. While United Life notes that Community cited § 1332 in its jurisdictional statement, it contends that the complaint is facially deficient because Community failed to plead any defendant's citizenship – for example, Community alleged defendant Jacque S. Pentell's residence, not her citizenship.

## **ANALYSIS**

The Seventh Circuit has repeatedly held that a complaint asserting diversity jurisdiction must allege citizenship, not residence. *See, e.g., McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Because Community pleaded Pentell's residence, rather than her citizenship, the complaint does not establish this Court's diversity jurisdiction. This is not necessarily fatal, however, because the Court potentially has supplemental jurisdiction pursuant to § 1367. While the Court may decline to exercise supplemental jurisdiction after it has dismissed all claims over which it has original jurisdiction, 28 U.S.C. § 1367(c), it is not required to do so. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). That said, in cases such as this, where the jurisdiction-conferring claim is dismissed at the pleading stage, dismissal of the remaining claims is most often the proper course of action. *Timm v. Mead Corp.*, 32 F.3d 273, 277 n.2 (7th Cir. 1994). The parties have not addressed § 1367 in their respective filings. Given that this action has been pending in this Court for close to two years and the nature of United Life's arguments, the Court is hesitant to dismiss this action without more from the parties. Accordingly, the Court **DENIES** the motion (Doc. 31).

In light of the deficiencies made apparent by United Life's motion, the Court orders Community to **SHOW CAUSE** on or before March 5, 2007, why the Court should not dismiss this action without prejudice pursuant to 28 U.S.C. § 1367. The Court will consider a properly filed motion for leave to amend the complaint, see Southern District of Illinois Local Rule 15.1, an adequate response to this Order. Should Community elect to go this route, the timing for any

response by defendants shall be governed by Southern District of Illinois Local Rule 7.1(g).

**IT IS SO ORDERED.**

**Dated: February 21, 2007**

                                                          s/ J. Phil Gilbert  
                                                          **J. PHIL GILBERT**  
                                                          **U.S. District Judge**